**SEEGER WEISS** LLP
NEW YORK • NEW JERSEY • PHILADELPHIA • NEWTON, MA

March 24, 2025

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *State of Vermont v. 3M Company*, No. 24-1250 (argued February 18, 2025)

Dear Ms. Wolfe:

      Appellee the State of Vermont (the "State") responds to 3M Company's ("3M's) submission of *State of Maryland v. 3M Company*, 2025 WL 727831 (4th Cir. Mar. 7, 2025). There, two states sued 3M for PFAS contamination from non-Aqueous Film Forming Foam ("non-AFFF") sources; the states disclaimed recovery for AFFF and filed separate lawsuits addressing only AFFF contamination, which 3M removed without opposition. *Id.* at *6-9. *Maryland* does not support reversal here.

      As an initial matter, timeliness was not at issue in *Maryland* because there was no dispute that 3M had "promptly" and timely removed the states' non-AFFF lawsuits. *Id.* at *2-3.

      Moreover, 3M's arguments based on *Maryland* are incorrect. First, 3M argues that under *Maryland* the Court must credit its well-pleaded facts, but in *Maryland* the plausibility of 3M's allegations was not contested. *Id.* at *3-5. Here, Vermont has challenged the plausibility of 3M's factual allegations as insufficient to show that 3M acted under a federal officer for MilSpec copper-clad laminates ("MilSpec CCLs"). Br. at 37-42 (explaining, e.g., that 3M's notice of removal and vague declaration did not allege a contract with or sales to the federal government). Second, 3M argues that under *Maryland* any amount of federally related contamination suffices to remove, but there the court reasoned that plaintiffs "envision[ed] recovering for mixed [i.e., AFFF and non-AFFF] PFAS contamination from *numerous* geographic locations." *Maryland* at *19 (emphasis added). Here, 3M's attempt at removal is based on one landfill receiving PFAS waste allegedly from MilSpec CCLs for a few years, but the State alleges that 3M has contaminated *hundreds* of sites through its conduct over approximately *75 years* in manufacturing, selling, and promoting its non-military PFAS products as safe and appropriate for use in Vermont. Br. at 42-46. MilSpec CCLs are thus not "inextricably related to [Vermont's] general allegations of PFAS contamination" sufficient to strip Vermont of its "otherwise ubiquitous power to select a state forum." *Maryland* at *11.

      Finally, 3M faults Vermont for not disclaiming liability from the Rutland landfill but no disclaimer is necessary where 3M has not plausibly alleged that it acted under a federal officer.

                                                                   Sincerely,

                                                                   */s/ Matthew Pawa*
                                                                   Matthew Pawa

PAGE 2

                                                  Counsel for Appellee State of Vermont

cc (via ECF): Counsel of record